FILED IN CHARLESTON
U.S. BANKRUPTCY COURT
MAR 02 2011
SOUTHERN DISTRICT
WEST VIRGINIA

Peter Paul Mitrano
No. 72996-083
Beckley Prison Camp
Federal Correctional Instituti
P.O. Box 350
Beaver, West Virginia 258

February 28, 2011

Clerk of the Court
United States Bankruptcy Court for the Southern District of West Virgi
Room 3200
300 Virginia Street East
Charleston, West Virginia 25301

Dear Clerk:

Please file the attached complaint in Case No. 10-20472 and please issue summons for the same.

Thank you in advance for your assistance.

Sincerely yours,
Peter P. Mitrano

In the United States Bankruptcy Court
for the Southern District of West Virginia

In re:

Peter Paul Mitrano,　　　　　　　　Case No. 10-204786
　　　　Debtor.　　　　　　　　　　　Chapter 13

---

Peter Paul Mitrano,
　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　Adversary No.:

United States of America,
　　and
Melka Marine, Inc.,
　　and
Leonard A. Melka,
　　and
Karolyn Melka,
　　　　Defendants.

Complaint
(Declaratory Judgment)

Plaintiff, Peter Paul Mitrano, pro se (hereinafter sometimes referred to as "Mitrano"), states his Complaint as follows:

1. This Court has federal subject-matter jurisdiction pursuant to Title 28 of the United States Code, Section 1334(b).

2. This is a civil proceeding arising in or related to a case under the Bankruptcy Code.

3. This Court also has federal subject-matter jurisdiction pursuant to Title 28 of the United States Code, Section 1334(e).

4. This is an adversary proceeding which involes property of the debtor's estate.

5. This adversary proceeding is a core proceeding pursuant to Title 28 of the United States Code, Section 157(b)(2)(H).

6. This adversary proceeding is related to the case of In re Peter Paul Mitrano, Case No. 10-20476, Chapter 13 of the Bankruptcy Code which is pending before the United States Bankruptcy Court for the Southern District of West Virginia.

7. The plaintiff, Peter Paul Mitrano is the debtor in said Case No. 10-20476 and is a citizen of the Commonwealth of Virginia.

8. The defendant, Melka Marine, Inc., is a corporation, based upon information and belief, incorporated under the laws of the Commonwealth of Virginia with its principal place of business in the Commonwealth of Virginia.

9. The defendant, Leonard A. Melka, based upon information and belief, is a citizen of the Commonwealth of Virginia.

10. The defendant, Karolyn Melka, based upon information and belief, is a citizen of the Commonwealth of Virginia.

## Count I

11. Mitrano hereby incorporates the above-stated paragraphs numbered 1 through 10 as though fully stated herein.

12. On or about January 5, 2011, the United States government filed document numbered 106 making reference to a judgment and restitution in the sum of $517,406.32 in this bankruptcy proceeding (No. 10-204

13. Mitrano disputes that Mitrano is liable for said amount of $517,406.32.

14. Mitrano states that Mitrano and defendant United States of America disagree as to whether Mitrano is required to pay said amount of $517,406.32.

15. Mitrano requests that this Court issue a declaratory judgment as to whether Mitrano is required to pay said amount of $517,406.32.

16. Any and all conditions precedent to the filing of this action have occurred, abided or been performed.

17. THEREFORE, the plaintiff, Peter Paul Mitrano, pro se, respectfully requests that this Honorable Court rule whether Mitrano is required to pay said amount of $517,406.32.

## Count II
### (Fraudulent Conveyance)

18. Mitrano hereby incorporates the above-stated paragraphs numbered 1 through 17 as though fully stated herein.

19. On or about June 30, 2006, Mitrano conveyed Mitrano's interest under duress in an account receivable due Mitrano from Melka Marine, Inc. that had the purpose of defrauding certain creditors (including but not limited to the United States government) of Mitrano and hindering or delaying the collection of certain debt.

20. Mitrano provided certain legal services requested by Melka Marine, Inc. for Melka Marine, Inc. related to a construction contract for a project involving dredging and other work for the United States government. See *Melka Marine, Inc. v. United States*, 187 F.3d 1370

(Fed. Cir. 1999), cert. denied 529 U.S. 1053 (2000); Melka Marine, Inc. v. United States, 532 U.S. 902 (2001); Melka Marine, Inc. v. United States, 540 U.S. 950 (2003); Melka Marine, Inc. v. United States, 41 Fed. Cl. 122 (1998); and other related litigation.

21. Melka Marine, Inc. stopped making payments on the account in June 2006.

22. Leonard A. Melka, as president of Melka Marine, Inc. signed an affidavit filed with the United States Court of Federal Claims in Washington, D.C. that Melka Marine, Inc. owed Mitrano substantial legal fees with reference to the above-stated litigation.

23. Mitrano claims interest on the amount of money due for legal services at the applicable legal rate of interest.

24. Mitrano claims that Melka Marine, I. is liable to the creditors of Mitrano because of a fraudulent conveyance.

25. At the time of the fraudulent conveyance and prior thereto, Mitrano was a director of Melka Marine, Inc.

26. At the time of the fraudulent conveyance and prior thereto, Mitrano was an insider of Melka Marine, Inc.

27. Mitrano claims that Melka Marine, Inc. is liable to the United States government because of a fraudulent conveyance.

28. At the time of the fraudulent conveyance, Mitrano was generally not paying debts as they became due.

29. At the time of the fraudulent conveyance, Melka Marine, Inc. knew and/or should have known that Mitrano was generally not paying debts as they became due.

30. Mitrano claims and states that the amount due from Melka Marine, Inc. as a result of the fraudulent conveyance is at least the sum of $800,000.00.

31. THEREFORE, the plaintiff, Peter Paul Mitrano, pro se, respectfully requests that this Honorable Court order that Melka Marine, Inc. pay the creditors of Mitrano, including but not limited to the United States government the sum of at least $800,000.00.

## Count III
### (Piercing the Corporate Veil)

32. Mitrano hereby incorporates the above-stated paragraphs numbered 1 through 31 as though fully stated herein.

33. The defendants, Leonard A. Melka and/or Karolyn Melka are the only and/or primary shareholders of Melka Marine, Inc.

34. Melka Marine, Inc. has failed to observe the required formalities.

35. There is an absence of adequate corporate records within Melka Marine, Inc.

36. Melka Marine, Inc. has paid the individual obligations of Leonard A. Melka and/or Karolyn Melka

37. There is a commingling of assets and/or affairs among Melka Marine, Inc. and Leonard A. Melka and/or Karolyn Melka.

38. The actions and inactions of Melka Marine, Inc., Leonard A. Melka and/or Karolyn Melka warrant the Piercing of the corporate veil of Melka Marine, Inc.

39. Leonard A. Melka and/or Karolyn Melka are personally liable for the obligations of Melka Marine, Inc.

40. THEREFORE, the plaintiff, Peter Paul Mitrano, pro se, respectfully requests that this Honorable Court order Leonard A. Melka and Karolyn Melka to jointly and ~~severally~~ severally pay the obligations stated herein of Melka Marine, Inc.

Respectfully submitted,
Peter P. Mitrano
Peter Paul Mitrano
Pro se
No. 77996-083

Federal Correctional Instituti[on]
P.O. Box 350
Beaver, West Virginia 2581[3]

Plaintiff

Dated: February 28, 2011.