FILED IN CHARLESTON
U.S. BANKRUPTCY COURT
APR 22 2011
SOUTHERN DISTRICT
WEST VIRGINIA

In the
United States Bankruptcy Court
for the
Southern District of West Virginia

In re:
Peter Paul Mitrano,  Case No. 10-20472
  Debtor.  Chapter 13

Peter Paul Mitrano,
  Plaintiff,
v.  Adversary No.: 2:11-ap-02002
United States of America, et al.,
  Defendants.

## Opposition to Motion for Failure to State a Claim on Which Relief may be Granted

Plaintiff, Peter Paul Mitrano, pro se (hereinafter sometimes referred to as "Mitrano"), states his Opposition to Motion for Failure to State a Claim on Which Relief may be Granted as follows:

The complaint dated February 28, 2011 clearly states a claim. Note the Federal Rules of Civil Procedure, Appendix of Forms, Form 21,

related to setting aside a fraudulent conveyance. Indeed, it is quite disingenuous for the defendants Melka Marine, Inc., Leonard A. Melka and Karolyn Melka to rely upon Rule 9(b) of the Federal Rules of Civil Procedure in an attempt to shield themselves from liability when said defendants refer to the "account receivable" in their footnote numbered 2 on the bottom of their page 2 of their Motion to Dismiss. Also note <u>Zazzali v. Mott (In re DBSI, Inc.)</u>, 2011 Bankr. LEXIS 142 (Delaware January 11, 2011) ("Rule 9's requirements, however, are relaxed in the bankruptcy context").

In response to defendants' hypothetical attorney arguments that are unsupported, Mitrano refers to the case of <u>In re Porter</u>, 37 B.R. 56, 63 (Va. 1984) wherein the court stated:

"To come within the scope of <u>Va. Code</u> § 55-80, the transfer or act assailed must be done with intent to hinder, delay or defraud ... Because of the difficulty of establishing 'actual intent', evidence of fraud may be, and generally must be circumstantial ... Consequently, without differentiating between delaying, hindering or defrauding, courts have relied historically upon presumptions of fraud,

known also as 'badges of fraud,' which consist of facts and circumstances which the law admits to be the signs of fraud; and from which the fraudulent intent may be inferred...." (Citations omitted.)

Moreover, "insolvency is generally a factual determination not appropriate for resolution in a motion to dismiss. See Zazzali v. Mott (In re DBSI, Inc.), 2011 Bankr. LEXIS 142 (Delaware January 11, 2011).

Despite the numerous efforts of defendants' unsupported attorney argument, the purpose of a Rule 12(b)(6) is not to address the merits of any affirmative defenses. See Richmond, F. & P. R.R. Co. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993) ("A motion under Rule 12(b)(6) is intended to test the legal adequacy of the complaint, and not to address the merits of any affirmative defenses."); and, Goodman v. PraxAir, Inc., 494 F.3d 458, 464 (4th Cir. 2007) ("It follows, therefore, that a motion to dismiss filed under Federal Rule of Procedure 12(b)(6), which tests the sufficiency of the complaint, generally cannot reach the merits of an affirmative defense."). Also see Rule 8(c)

of the Federal Rules of Civil Procedure. Note *Instituto Nacional de Comercialization Agricola (Indeca) v. Continental Illinois Nat'l Bank & Trust Co.*, 576 F.Supp. 985, 989 (Illinois 1983) (both doctrines of unclean hands and in pari delicto are affirmative defenses); and, *Schnelling v. Crawford (In re James River Coal Co.)*, 360 B.R. 139, 158 (Va. 2007) ("the doctrine of in pari delicto will not apply to bar the claims of the corporate Debtors and consequently will not bar the claims of the Trustee. However, the actions of the defendants and the Debtors have not been proven, and consideration of questions of fact is premature and does not satisfy the standard for a dismissal under Rule 12(b)(6)." Also note *United States v. Cisco Aircraft, Inc.*, 54 F.R.D. 181, 182 (Montana 1972) ("Whether a complaint in a federal court states a claim is a matter of federal law").

Furthermore, in passing, also note that Black's Law Dictionary, Ninth Edition (2009) (p. 867) defines insolvency as "The condition of being unable to pay debts as they fall due or in the usual course of business".

In reference piercing the corporate veil, note that piercing the corporate veil does not constitute an independent cause of action. See Peacock v. Thomas, 516 U.S. 349, 354 (1996) ("Piercing the corporate veil is not itself an independent .... cause of action, but rather is a means of imposing liability on an underlying cause of action."); and, In re Grothues, 226 F.3d 334, 337-338 (5th Cir. 2000) ("the IRS' alter ego theory is just one of several ways to pierce the corporate veil under the applicable Texas law. Its use does not alter the IRS' underlying claim").

Mitrano has clearly stated grounds for piercing the corporate veil.

Arguendo, out of an abundance of caution and also as a protective measure, in the event that this Court grants all or any part of defendants' motion to dismiss, Mitrano would then and does request permission to file an amended complaint.

THEREFORE, plaintiff, debtor, Peter Paul Mitrano respectfully requests that this Honorable Court deny defendants' motion to

dismiss and in the alternative, only if this Court's grants all or any part of defendants' motion to dismiss, Mitrano requests permission to file an amended complaint.

Respectfully submitted,
*Peter P. Mitrano*
Peter Paul Mitrano
Pro se
No. 72996-083
Federal Correctional Institution
P.O. Box 350
Beaver, West Virginia 25813

Plaintiff, Debtor

Dated: April 20, 2011.

## Certificate of Service

I hereby certify that a copy of the foregoing Opposition to Motion for Failure to State a Claim on Which Relief may be Granted was deposited in the Prison Mail Box at Beckley Federal Prison on this 20th day of April 2011, postage prepaid for first-class mail addressed to Andrew S. Nason, Esquire, 8 Hale Street, Charleston, West Virginia 25306.

*Peter P. Mitrano*
Peter Paul Mitrano

## Prison Mail Box Rule

Pursuant to the Prison Mail Box Rule, Mitrano requests that this Opposition to Motion for Failure to State a Claim on Which Relief may be Granted be deemed filed on April 20, 2011, the date Mitrano certifies to this Court that this document was placed in the Prison Mail Box.

*Peter P. Mitrano*
Peter Paul Mitrano