# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| In re ) | |
| ) | |
| PETER PAUL MITRANO ) | |
| ) Case No. 2:10-BK-20476 | |
| Debtor. ) Chapter 13 | |
| ) | |
| ) | |
| PETER PAUL MITRANO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) Adv. Proc. No. 2:11-AP-02002 | |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## REPLY TO PLAINTIFF'S OPPOSITION TO
## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF MAY BE GRANTED

NOW COME Defendants, Leonard A. Melka, Karolyn Melka, and Melka Marine, Inc., through counsel, and reply as follows to Plaintiff's Opposition to their Motion to Dismiss the above-captioned adversary proceeding for failure to state a claim on which relief may be granted.

In his response to the motion, Plaintiff Mitrano asserts his disagreement with the pleading standards as articulated by the Supreme Court in *Twombly* and *Iqbal*; and argues that fraud can be proven circumstantially; that insolvency is a factual issue; that *in pari delicto* and unclean hands are affirmative defenses; and that veil piercing is not an independent cause of action. None of this solves the fundamental, and incurable, flaws in his Complaint.

In particular, nowhere in his response to the motion does he address the fundamental inconsistency in his argument that the supposed "fraudulent transfer" was that Mitrano "conveyed" the receivable "under duress," but also contends that it "had the purpose of defrauding certain creditors (including but not limited to the United States government) of Mitrano and hindering or delaying the collection of certain debt."

## I. The Complaint Fails to State a Claim for Avoidance of Fraudulent Transfer Under Bankruptcy Code Section 548.

Mitrano does not respond at all to the argument that any claim under Section 548 must fail because the alleged transfer was not "made or incurred on or within 2 years before the date of the filing of the petition." Accordingly, any § 548 claim must be dismissed.

## II. The Complaint fails to state a claim for avoidance of a fraudulent transfers under state law and Code § 544.

Mitrano does not dispute that this matter, under § 544, is governed by the law of Virginia.

While Mitrano asserts another definition of insolvency from *Black's Law Dictionary*, he does not and cannot dispute that under Va. Code § 55-81, the test of insolvency is whether the transferor has insufficient property to pay all his debts. *Hudson v. Hudson*, 249 Va. 335, 455 S.E.2d 15 (1995); *McArthur v. Chase*, 54 Va. 683, 694 (1857). While Mitrano argues that insolvency is a factual issue, he does not respond at all to the fact that his Complaint never alleges that he was or was rendered insolvent at the relevant time, or that he failed to plead a lack of consideration deemed valuable in law. The whole point of *Iqbal* and *Twombly* is that factual issues need to be pled. Accordingly, no claim is stated under § 55-81.

As for Va. Code § 55-80, Mitrano argues for a more liberal pleading standard, but does not address the fact that he fails to allege *any* facts in support of his legal conclusions. His allegation that he made the transfer "under duress" would mean that it was something other than his intent to hinder, delay or defraud his creditors that motivated him to make the transfer.

### III. The doctrines of unclean hands and/or *in pari delicto* bar Mitrano's claim.

While Mitrano is correct that unclean hands and *in pari delicto* are affirmative defenses, when the existence of such defenses is plain on the face of the Complaint, it is still proper to raise them on a motion to dismiss, and to dismiss on that ground. *Jones v. Bock*, 127 S. Ct. 910, 926-27 (2007). And Mitrano does nothing to explain why these defenses should not apply when he himself alleges that he engaged in the transfer at issue for "the purpose of defrauding certain creditors (including but not limited to the United States government) of Mitrano and hindering or delaying the collection of certain debt." He pleaded these "facts," and he cannot now avoid dismissal by saying that they are unproven.

### IV. The Veil-Piercing Count, Count III, Fails to State a Claim

On Count III, Mitrano now argues that veil piercing is not even an independent cause of action, which, of course, means that his veil piercing count would have to be dismissed. What he does not do is argue that this count could survive if the underlying fraudulent transfer counts are dismissed or that he has pled any facts to support the claim.

Simply put, Mitrano's response is as devoid of substance as his Complaint. This case must, therefore, be dismissed. And because Mitrano's own admissions would

preclude him from asserting a claim that could survive a motion to disnmiss, the dismissal should be with prejudice, and without leave to amend.

WHEREFORE, for the foregoing reasons and as stated in Defendants' original motion, Defendants respectfully request that the Court enter an Order dismissing this adversary proceeding against them for failure to state a claim on which relief may be granted.

Dated: April 20, 2011.

Respectfully submitted,

/s/ Andrew Nason
Andrew S Nason (2707)
8 Hale St
Charleston, WVa 25301
(304) 346 0361

/s/ Daniel M. Press
Daniel M. Press, VSB 37123
CHUNG & PRESS, P.C.
6718 Whittier Ave., Suite 200
McLean, VA 22101
(703) 734-3800

Counsel for Defendants

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

IN RE:

PETER PAUL MITRANO,

      Debtor.

Case No. 2:10-bk-20476
Chapter 13

PETER PAUL MITRANO,

      Plaintiff,

v.

Adv. Proc. No. 2:11-ap-02002

UNITED STATES OF AMERICA, et al.,

      Defendants.

## CERTIFICATE OF SERVICE

I, Andrew S. Nason, do hereby certify that on April 29, 2011, I served the foregoing *REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF MAY BE GRANTED* upon the following by filing the same with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to the following:

      Helen M. Morris, Chapter 13 Trustee
      ch13trustee@wvtrustee.org

      Debra A. Wertman, Assistant U.S. Trustee
      Debra.A.Wertman@usdoj.gov

and I hereby certify that I have delivered said document to the following non-CM/ECF participant via first class U.S. Mail addressed as follows:

      Peter Paul Mitrano
      No. 72996-083
      Federal Correctional Institution Beckley Camp
      P.O. Box 350
      Beaver, WV 25813

                                        /s/ Andrew Nason
                                        ANDREW S. NASON